KARNS v. W. L. IMLAY RAPID CYANIDE PROCESS CO. et. al.

(Circuit Court, E. D. Pennsylvania. January 4, 1911.)

No. 477.

EQUITY (§ 430*)—OPENING OF DECREE—NONAPPEARANCE OF COMPLAINANT AT HEARING—DISCRETION OF COURT.

Where the complainant and his counsel failed to appear at the final hearing of an equity cause, from whatever cause, the opening of the decree to permit him to have another hearing is a matter of discretion, and should only be granted upon terms.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1034–1047; Dec. Dig. § 430.*]

In Equity. Suit by B. F. Karns against the W. L. Imlay Rapid Cyanide Process Company and others. On motion to open decree. Motion granted upon terms.

See, also, 181 Fed. 751.

Wm. R. Murphey, for complainant.
W. H. G. Gould, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, District Judge. Whether the noncompliance with rules 6 and 9 of this court, and the nonappearance of the plaintiff and his counsel at the final hearing of this cause, were due either to the plaintiff's own negligence, or the misfortune of his sickness, or simply to the negligence or misconduct of his counsel, it is clear that in either event the opening of the decree so as to permit him to have another hearing is a matter of discretion, and should only be granted upon terms. Owing to the somewhat unusual incidents of this controversy, I have not been free from doubt whether the plaintiff was entitled to relief at all; but, as the dispute may involve valuable rights, I have concluded to err (if at all) upon the safe side, so as to avoid a possible injustice.

It is therefore ordered that, if the plaintiff shall pay to the examiner the costs still unpaid for taking the testimony of his witnesses, and shall print so much of his testimony as is still unprinted, depositing five copies thereof with the clerk for the use of the defendant, and shall enter security for the costs of the cause in the sum of $1,000, the clerk is directed to enter an order that the decree made on December 5, 1910, be opened for the purpose of permitting further argument upon the bill, answer, and proofs, but specifying that the lien of the decree is to remain until the further order of the court. These conditions must all be complied with on or before January 19, 1911. If the plaintiff shall fail to comply with any one of them within the period named, the clerk is directed to enter an order that the petition to open the decree is dismissed. If the decree be opened, the court will fix a date for argument upon application of either party.